IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE G. SWAFFORD, | No. 2:13-cv-1944-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SACRAMENTO COUNTY MAIN JAIL, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1) and motion to compel (Doc. 5).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

10         In plaintiff's complaint, he alleges his Eighth Amendment rights were violated.
11  He claims that while at the Sacramento County Jail, he was ordered by a Doe defendant officer to
12  move out of his top tier cell.  Due to ill fitting clothes, plaintiff slipped and fell on the stairs on
13  his way down.  Instead of being asked if he needed help, Doe defendant officer simply told him
14  to hurry up.  He hurt his back during the fall, but did not report it right away.  After a few days,
15  the pain increased, and he requested medical attention.  It took five days for him to be seen, and
16  when he was the nurse failed to perform an examination.  She only looked at his bruise and said
17  he would heal.  Plaintiff told the nurse that he felt pain, especially every time he walked down the
18  stairs.  He requested a lower tier cell chrono, which she denied.  She also refused to order x-rays,
19  but prescribed naproxen and told him to come back in a month if he was still in pain.  The
20  naproxen did little to deal with his pain.  Plaintiff then filed three grievances, which did not get
21  an immediate response.  He states it took two weeks to get a response and evaluation by a doctor.
22  The doctor then ordered tests and x-rays, and gave plaintiff a lower cell chrono.  The x-rays
23  showed arthritis and a compression fracture in his lower spine

24         Plaintiff alleges the nurse violated his Eighth Amendment rights for failing to
25  provide treatment.  He further alleges the officer violated his Eighth Amendment rights by failing
26  to protect him.

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Under these same principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

1  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison
2  officials actually knew of a substantial risk, they are not liable if they took reasonable steps to
3  respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.
4           To the extent plaintiff alleges the nurse at the jail refused to provide any medical
5  treatment, the complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C.
6  § 1983 and 28 U.S.C. § 1915A(b).  However, as to his claim against the officer for failure to
7  protect, this claim fails for lack of sufficient factual allegations.  There is nothing in the
8  complaint to indicate that this officer had any reason to know or even think that plaintiff would
9  have difficulties maneuvering down the stairs.  Plaintiff has not alleged that his protective
10 custody status has anything to do with maneuverability or any sort of disability that would cause
11 him to be at a substantial risk in walking down the stairs.  Nor has he alleged that this particular
12 officer had any knowledge of such a risk, were it to exist.  This is not a situation wherein the
13 plaintiff was harmed by another person, or put in an unusually risky situation.  All plaintiff
14 alleges is that he was required to walk down the stairs, with his minimal belongings, an action
15 which occurs by many inmates on a regular basis.  Although the possibility is slim, plaintiff will
16 be provided an opportunity to cure this defect by pleading facts, if they exist, to indicate his
17 situation was so unusual and known to the officer as to meet the pleading standards set forth
18 above.
19          As to plaintiff's motion to compel, the court finds this motion defective on its
20 face.  There is no argument set forth in his motion, as it consists of no more than the caption of a
21 motion.  Presumably, plaintiff is requesting assistance to discover the name of the officer and the
22 nurse he has alleged violated his rights.  However, as to the nurse, that information is likely in his
23 medical records, which he should have access to if he follows the proper procedure.  As to the
24 officer, the court finds the allegations insufficient at this time to state a claim, and is unwilling
25 and unable to use its limited resources in assisting plaintiff to discover the identity of this
26 individual, certainly at least not until he is able to allege sufficient facts to state a claim.  In

addition, plaintiff fails to set forth any effort on his part to attempt to identify his defendants. It is up to the plaintiff, not the court, to discover the identity of the individuals he files a complaint against. If plaintiff is somehow prevented from doing so, before the court may attempt to intervene he will be required to show what efforts he has put forth do so and what has prevented his success.

As to the nurse identified as a Doe in the complaint, plaintiff will be required to discovery her identity in order to provide for proper service. Doe defendants are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). However, in situations where the identity a defendant is not known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Upon discovering the name of the "Doe" defendants, or any of them, plaintiff must promptly file a motion for leave to amend, accompanied by a proposed amended complaint identifying the additional defendant or defendants. Plaintiff is cautioned that undue delay in discovering defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

Finally, plaintiff names the Sacramento County Jail in the caption of his complaint, but alleges no facts to support any claim against the Jail. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). If he has any actual claim against the jail, plaintiff will be required to set out fact sufficient to state a claim, if he has a claim, against the jail in any amended complaint he files. Otherwise, the jail will be dismissed from this action.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will dismiss the claims identified herein as defective, and issue such further orders as are necessary as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion to compel (Doc. 5) is denied,

    2.    Plaintiff may file an amended complaint within 30 days of the date of service of this order; and

    3.    Plaintiff is required to identify his doe defendants, within a reasonable amount of time, in order to provide for proper serve, and notify the court upon the discovery of the doe defendants identity.

DATED: September 29, 2014

                                                              *Craig M. Kellison*
                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE