IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE G. SWAFFORD, | No. 2:13-cv-1944-CMK-P |
|     Plaintiff, | |
|   vs. | <u>ORDER</u> |
| SACRAMENTO COUNTY MAIN JAIL, | |
|     Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On September 29, 2014, the court issued an order identifying deficiencies in plaintiff's complaint and allowing him the opportunity to file an amended complaint to remedy the deficiencies as well as identify his Doe defendant. Plaintiff failed to file an amended complaint within the time provided. Accordingly, this case will go forward on the original complaint, but is limited to the claims against the nurse, identified in the complaint at a Doe defendant, on the allegations she refused to provide plaintiff medical treatment in violation of his Eighth Amendment rights.

As set forth in the court's prior order, the complaint fails to state a claim against either the Doe officer or the Sacramento County Main Jail. As those claims were fully discussed in that order, the court will not reiterate them here. The undersigned finds it appropriate to dismiss both the Doe officer and the Sacramento County Main Jail, and all claims against them, from this action for failure to state a claim.

In addition, plaintiff was cautioned that this case cannot go forward against only a Doe defendant. Without identifying who this defendant is, service of process will not be possible. Plaintiff was informed that it was up to him to identify his defendants. While the identity of a defendant may be difficult to determine prior to the filing of a complaint in some circumstances, this is not one of those cases. Here, plaintiff indicates that a nurse examined him, but refused treatment other than a prescription for naproxen. As an examination was performed, and a prescription provided, there should have been a notation in plaintiff's medical records as to who the nurse was, which is available to plaintiff. Plaintiff has had a significant amount of time in which to determine the identity of the nurse. He was ordered to inform the court as to her identity, and to file a motion for leave to amend, as soon as it was discovered. As he has not informed the court as to her identity, nor filed a motion for leave to amend or additional time to do so, the court will assume he is either unable or unwilling to determine her identity.

Federal Rule of Civil Procedure 4(m) requires service to be completed within 120 days after the complaint is filed. If service is not timely completed, "the court . . . must dismiss the action without prejudice . . . ." Fed. R. Civ. Proc 4(m). Well over 120 days have passed since the complaint in this action was filed and deemed appropriate for service, and no defendants have been identified to be served.

Accordingly, plaintiff will be required to show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to timely identify the appropriate defendant to this action in order to perfect service of process. Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined

above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Defendants Sacramento County Mail Jail and Doe officer, and the claims against them, are dismissed from this action; and

   2. Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to timely identify the appropriate defendant to this action in order to perfect service of process.

DATED: June 23, 2015

                _____
                **CRAIG M. KELLISON**
                UNITED STATES MAGISTRATE JUDGE